# **EXHIBIT 10**

## DEMAND PROMISSORY NOTE

$125,000,000.00 U.S.                                                    November 21, 2000

FOR VALUE RECEIVED, the undersigned, ENRON CORP., an Oregon corporation ("Maker"), promises to pay to the order of ENRON CAPITAL INVESTMENTS CORP., a Delaware corporation ("Payee"), at its principal address 1400 Smith Street, Houston, Texas 77002, or at such other address as shall be specified by Payee or other holder hereof, the principal sum of One Hundred Twenty Five Million and No/XX United States Dollars ($125,000,000.00), together with interest on said outstanding principal equal to the lesser of (i) eight percent (8%) per annum or (ii) the highest non-usurious rate allowed by applicable law.

Payee has advised Maker and Maker acknowledges and agrees that (i) Payee is a member in Enron Finance Partners, LLC, a Delaware limited liability company ("EFP LLC"), and (ii) Payee will contribute this Note to EFP LLC as a contribution to the capital of EFP LLC, and that upon such contribution EFP LLC will become the holder of this Note.

So long as no default exists on this Note as specified below, all accrued and unpaid interest and principal on this Note shall be due and payable in whole or in part on demand made by Payee, or if demand is not earlier made on November 21, 2010. Payee may make one or more demands for payment of principal and/or interest on this Note at any time and from time to time until all accrued and unpaid interest and principal on this Note shall have been paid in full. All amounts paid in satisfaction of this Note shall be paid in immediately available funds in lawful money of the United States of America.

Interest charges will be calculated on amounts advanced hereunder on the actual number of days said amounts are outstanding on the basis of a 365/366 day year, as the case may be. It is the intention of Maker and Payee to conform strictly to the applicable usury laws now in force in the State of Texas and the United States of America. It is therefore agreed that (i) in the event that demand is made or the maturity hereof is accelerated by reason of an election by Payee, all unearned interest shall be canceled automatically or, if theretofore paid, shall either be refunded to Maker or credited on the unpaid principal amount of this Note, whichever remedy is chosen by Payee, (ii) the aggregate of all interest and other charges constituting interest under applicable law and contracted for, chargeable or receivable under this Note or otherwise in connection with the transaction for which this Note is given shall never exceed the maximum amount of interest, nor produce a rate in excess of the maximum rate of interest that Payee may charge Maker under applicable law and in regard to which Maker may not successfully assert the claim or defense of usury, and (iii) if any excess interest is provided for, it shall be deemed a mistake and the same shall either be refunded to Maker or credited on the unpaid principal amount hereof and this Note shall be automatically deemed reformed so as to permit only the collection of the maximum legal non-usurious rate and amount of interest. All sums paid or agreed to be paid to the holder of this Note for the

use, forbearance or detention of the indebtedness evidenced hereby, to the full extent allowed by applicable law, shall be amortized, prorated, allocated and spread through the full term of this Note.

This Note shall, at the option of Payee and to the full extent permitted by applicable law, be immediately due and payable without notice or demand to Maker upon the occurrence of any of the following defaults:

(i) Default in the payment of any principal or interest when demand is made therefor or otherwise due hereunder;

(ii) Dissolution or liquidation of Maker; or

(iii) Upon the filing by Maker of any assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code; or by suffering an involuntary petition in bankruptcy or receivership not undismissed or unstayed within thirty (30) days.

In the event of default under this Note as specified above, Payee may declare the entirety of this Note, principal and interest, immediately due and payable without any notice, demand, presentment for payment, notice of non-payment, protest, notice of protest, notice of intention to accelerate or notice of acceleration, and failure to exercise said option shall not constitute a waiver on the part of Payee of the right to exercise the same at any other time.

All past due principal and interest on this Note shall bear interest from maturity of such principal or interest (in whatever manner same may be brought about) until paid at the lesser of (i) eleven percent (11%) per annum or (ii) the highest non-usurious rate allowed by applicable law. To the extent such highest non-usurious interest rate chargeable hereunder is determined by reference to the laws of the State of Texas, same shall be determined by reference to the indicated (weekly) rate ceiling (as defined and described in Texas Finance Code Sections 303.002 and 303.003, as amended) at the applicable time in effect. In the event default is made in the payment of this Note in whatever manner its maturity may be brought about, and it is placed in the hands of an attorney for collection, or is collected through bankruptcy or other proceedings, Maker promises to pay all costs and reasonable attorneys' fees incurred by Payee as a result thereof.

Maker waives grace, notice, demand, presentment for payment, notice of non-payment, protest, notice of protest, notice of intention to accelerate, notice of acceleration of the indebtedness due hereunder and all other notice, filing of suit and diligence in collecting this Note. Time is of the essence hereof.

This Note may be prepaid, in whole or in part, at any time without penalty or premium. Any prepayment sums received by Payee or other holder hereof shall be applied to any indebtedness of Maker to Payee in such order as Payee shall elect in its sole discretion.

The terms and provisions hereof shall be binding upon and inure to the benefit of Maker and Payee and their respective successors and assigns.

THIS NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES REGARDING THE SUBJECT MATTER HEREOF. THIS NOTE MAY NOT BE AMENDED, ALTERED, EXTENDED, OR OTHERWISE CHANGED, EXCEPT BY A WRITING THAT REFERS TO THIS NOTE AND WHICH IS EXECUTED BY THE APPROPRIATE PARTIES HERETO AGAINST WHOM SUCH CHANGE WOULD BE ENFORCED.

THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. IN THE EVENT ANY ONE OR MORE PROVISIONS CONTAINED HEREIN SHALL BE INVALID, ILLEGAL OR UNENFORCEABLE IN ANY RESPECT, THE VALIDITY, LEGALITY AND ENFORCEABILITY OR THE REMAINING PROVISIONS SHALL NOT IN ANY WAY BE AFFECTED THEREBY.

EXECUTED EFFECTIVE the day and year first written above.

"MAKER"

ENRON CORP.

By: _____
Name: Barry L. Schnapper
Title: Deputy Treasurer

Page 3 of 3

## ASSIGNMENT OF DEMAND PROMISSORY NOTE

KNOW ALL PERSONS BY THESE PRESENTS:

WHEREAS, ENRON CAPITAL INVESTMENTS CORP., a Delaware corporation ("Assignor"), is the "Payee" of that certain Demand Promissory Note, dated as of November 21, 2000, executed by Enron Corp., an Oregon corporation, as "Maker," in the original principal amount of One Hundred Twenty Five Million Dollars ($125,000,000), a copy of which is attached as Exhibit A hereto and incorporated herein by reference (the "Promissory Note"); and

WHEREAS, Assignor desires to assign its interest in and under the Promissory Note to ENRON FINANCE PARTNERS, LLC, a Delaware limited liability company ("Assignee"), as a contribution to the capital of Assignee, and Assignee desires to accept the same;

NOW, THEREFORE, for and in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor does hereby ASSIGN to Assignee all of its rights in and under the Promissory Note. Assignee hereby accepts the foregoing assignment.

This Assignment of Demand Promissory Note (this "Assignment") is made by Assignor and accepted by Assignee subject in all respects to the terms of the Promissory Note. Assignor and Assignee hereby agree to execute any and all documents as may be necessary to evidence the assignment described herein and to take such further action as may be reasonably necessary to assign to Assignee the Promissory Note.

The provisions of this Assignment shall be binding upon and inure to the benefit of the successors and assigns of the parties.

IN WITNESS WHEREOF, this Assignment is executed by Assignor and Assignee effective as of November 21, 2000.

*Assignor*

ENRON CAPITAL INVESTMENTS CORP.

By: _____
Name: Ben F. Glisan, Jr.
Title: Vice President, Finance and Treasurer

*Assignee*

ENRON FINANCE PARTNERS, LLC

By: Enron Finance Management, LLC, its Class A Member

    By: Enron Corp., its Sole Member

    By: _____
    Name: Ben F. Glisan, Jr.
    Title: Vice President, Finance and Treasurer

reicken\tax\tammy-ii\assign$125-v1.doc

## EXHIBIT A

### DEMAND PROMISSORY NOTE

$125,000,000.00 U.S.                                                                 November 21, 2000

FOR VALUE RECEIVED, the undersigned, ENRON CORP., an Oregon corporation ("Maker"), promises to pay to the order of ENRON CAPITAL INVESTMENTS CORP., a Delaware corporation ("Payee"), at its principal address 1400 Smith Street, Houston, Texas 77002, or at such other address as shall be specified by Payee or other holder hereof, the principal sum of One Hundred Twenty Five Million and No/XX United States Dollars ($125,000,000.00), together with interest on said outstanding principal equal to the lesser of (i) eight percent (8%) per annum or (ii) the highest non-usurious rate allowed by applicable law.

Payee has advised Maker and Maker acknowledges and agrees that (i) Payee is a member in Enron Finance Partners, LLC, a Delaware limited liability company ("EFP LLC"), and (ii) Payee will contribute this Note to EFP LLC as a contribution to the capital of EFP LLC, and that upon such contribution EFP LLC will become the holder of this Note.

So long as no default exists on this Note as specified below, all accrued and unpaid interest and principal on this Note shall be due and payable in whole or in part on demand made by Payee, or if demand is not earlier made on November 21, 2010. Payee may make one or more demands for payment of principal and/or interest on this Note at any time and from time to time until all accrued and unpaid interest and principal on this Note shall have been paid in full. All amounts paid in satisfaction of this Note shall be paid in immediately available funds in lawful money of the United States of America.

Interest charges will be calculated on amounts advanced hereunder on the actual number of days said amounts are outstanding on the basis of a 365/366 day year, as the case may be. It is the intention of Maker and Payee to conform strictly to the applicable usury laws now in force in the State of Texas and the United States of America. It is therefore agreed that (i) in the event that demand is made or the maturity hereof is accelerated by reason of an election by Payee, all unearned interest shall be canceled automatically or, if theretofore paid, shall either be refunded to Maker or credited on the unpaid principal amount of this Note, whichever remedy is chosen by Payee, (ii) the aggregate of all interest and other charges constituting interest under applicable law and contracted for, chargeable or receivable under this Note or otherwise in connection with the transaction for which this Note is given shall never exceed the maximum amount of interest, nor produce a rate in excess of the maximum rate of interest that Payee may charge Maker under applicable law and in regard to which Maker may not successfully assert the claim or defense of usury, and (iii) if any excess interest is provided for, it shall be deemed a mistake and the same shall either be refunded to Maker or credited on the unpaid principal amount hereof and this Note shall be automatically deemed reformed so as to permit only the collection of the maximum legal non-usurious rate and amount of interest. All sums paid or agreed to be paid to the holder of this Note for the

use, forbearance or detention of the indebtedness evidenced hereby, to the full extent allowed by applicable law, shall be amortized, prorated, allocated and spread through the full term of this Note.

This Note shall, at the option of Payee and to the full extent permitted by applicable law, be immediately due and payable without notice or demand to Maker upon the occurrence of any of the following defaults:

(i) Default in the payment of any principal or interest when demand is made therefor or otherwise due hereunder;

(ii) Dissolution or liquidation of Maker; or

(iii) Upon the filing by Maker of any assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code; or by suffering an involuntary petition in bankruptcy or receivership not undismissed or unstayed within thirty (30) days.

In the event of default under this Note, as specified above, Payee may declare the entirety of this Note, principal and interest, immediately due and payable without any notice, demand, presentment for payment, notice of non-payment, protest, notice of protest, notice of intention to accelerate or notice of acceleration, and failure to exercise said option shall not constitute a waiver on the part of Payee of the right to exercise the same at any other time.

All past due principal and interest on this Note shall bear interest from maturity of such principal or interest (in whatever manner same may be brought about) until paid at the lesser of (i) eleven percent (11%) per annum or (ii) the highest non-usurious rate allowed by applicable law. To the extent such highest non-usurious interest rate chargeable hereunder is determined by reference to the laws of the State of Texas, same shall be determined by reference to the indicated (weekly) rate ceiling (as defined and described in Texas Finance Code Sections 303.002 and 303.003, as amended) at the applicable time in effect. In the event default is made in the payment of this Note in whatever manner its maturity may be brought about, and it is placed in the hands of an attorney for collection, or is collected through bankruptcy or other proceedings, Maker promises to pay all costs and reasonable attorneys' fees incurred by Payee as a result thereof.

Maker waives grace, notice, demand, presentment for payment, notice of non-payment, protest, notice of protest, notice of intention to accelerate, notice of acceleration of the indebtedness due hereunder and all other notice, filing of suit and diligence in collecting this Note. Time is of the essence hereof.

This Note may be prepaid, in whole or in part, at any time without penalty or premium. Any prepayment sums received by Payee or other holder hereof shall be applied to any indebtedness of Maker to Payee in such order as Payee shall elect in its sole discretion.

The terms and provisions hereof shall be binding upon and inure to the benefit of Maker and Payee and their respective successors and assigns.

THIS NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES REGARDING THE SUBJECT MATTER HEREOF. THIS NOTE MAY NOT BE AMENDED, ALTERED, EXTENDED, OR OTHERWISE CHANGED, EXCEPT BY A WRITING THAT REFERS TO THIS NOTE AND WHICH IS EXECUTED BY THE APPROPRIATE PARTIES HERETO AGAINST WHOM SUCH CHANGE WOULD BE ENFORCED.

THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. IN THE EVENT ANY ONE OR MORE PROVISIONS CONTAINED HEREIN SHALL BE INVALID, ILLEGAL OR UNENFORCEABLE IN ANY RESPECT, THE VALIDITY, LEGALITY AND ENFORCEABILITY OR THE REMAINING PROVISIONS SHALL NOT IN ANY WAY BE AFFECTED THEREBY.

EXECUTED EFFECTIVE the day and year first written above.

"MAKER"

ENRON CORP.

By: _____
Name: Barry I. Schnapper
Title: Deputy Treasurer